**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**TIMOTHY WAYNE JONES JR** — **CASE NO. 2:26-CV-00081**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**ANN MARIE SCHULER ET AL** — **MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM RULING

Before the court is a motion to remand filed by plaintiff Timothy Wayne Jones, Jr. Doc. 10. The motion is opposed by defendants Pia Nina Schuler ("Pia Nina"), Anne Marie Schuler ("Anne Marie," and collectively with Pia Nina "the Schulers") [doc. 18], and defendant State Farm Mutual Automobile Insurance Company ("State Farm") [doc. 19]. The time for filing a reply has passed with none being filed, making this matter ripe for decision. The motion was initially referred to the magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court. The undersigned hereby **RECALLS** the referral and issues this ruling.

## I.
## BACKGROUND

This matter began as a state court action. With the consent of its codefendants, defendant State Farm timely removed the state court petition, alleging that the parties are of diverse citizenship, that the amount in controversy exceeds $75,000, and that the court may accordingly exercise diversity jurisdiction under 28 USC § 1332. Doc. 1. Plaintiff filed a timely motion to remand on the basis that individual defendants Pia Nina and Anne Marie share Louisiana citizenship with plaintiff Timothy Jones. Doc. 10. Specifically, the memorandum in support of motion to remand alleges that Anne Marie resides and is domiciled in Lake Charles, Louisiana,

while she attends school, and that Pia Nina resides and is domiciled in Louisiana along with her fiancé Hosea Richard and that she is employed in Eunice, Louisiana, as a Certified Surgical Technologist. Doc 10, att. 1, pp. 5-6.

The Schulers dispute the suggestion that they are domiciled in Louisiana. Doc. 18. They both contend that they are permanently domiciled in Texas and that they do not have the requisite intent to change their domicile to Louisiana. Doc. 18 pp. 4-5. In support of their contention, the Schulers submit affidavits to the effect that, although they occasionally reside with Pia Nina's fiancé in Lake Charles, neither has moved to Louisiana with the intent to remain there indefinitely. Doc. 18, att. 1. Pia Nina further asserts that her employment is as a travel surgical technician, that she works on a contract basis, and that her temporary employment in Louisiana has concluded. *Id.* Anne Marie asserts that, although she is a college student, she attends college at an online university and not in Lake Charles. Doc. 18, p. 5. The opposition memorandum also cites to jurisprudence from this circuit holding that attending school in a state does not necessarily affect one's domicile. *Id.*; *see, e.g.*, *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir.) ("Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there."), *cert. denied*, 419 U.S. 842 (1974).

The Schulers argue that, because they are domiciled in and citizens of Texas, the court should deny the motion to remand because all defendants are of diverse citizenship from plaintiff, a Louisiana citizen.

## II.
## LAW AND ANALYSIS

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any civil action where the matter in controversy exceeds $75,000,

exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was proper and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

"Diversity jurisdiction rests on the facts that exist at the time of removal, not on the sufficiency of the jurisdictional allegations contained in the notice of removal." *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 570 (E.D. La. 2019). "[W]hen removal is challenged on a motion to remand, the removing defendant must then prove by a preponderance of the evidence that jurisdiction existed at the time of removal." *Rey v. LCMC Healthcare Partners*, LLC, No. CV 21-1188, 2021 WL 3674358, at *3 (E.D. La. Aug. 19, 2021).

The fundamental jurisdictional issue in this case is citizenship. "In determining citizenship for purposes of jurisdiction, the term citizenship is synonymous with domicile." *Anderson v. Georgia Gulf Lake Charles, LLC*, No. 2:07-cv-1378, 2008 WL 11388422, *5 (W.D. La. Apr. 28, 2008) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)), *report and recommendation adopted* No. 2:07-cv-1378, 2008 WL 11388126 (W.D. La. June 19, 2008). "A party's residence in a state alone does not establish domicile. Domicile requires residence in the state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (hereinafter "*Preston I*") (internal citations omitted) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

Courts look to several factors to determine domicile, none of which is determinative on its own. "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. . . . A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (internal citation string omitted).

Here, plaintiff challenges the allegations in the Notice of Removal that the Schulers are domiciled in Texas, alleging instead that the Schulers are domiciled in Louisiana. Defendants therefore must show by a preponderance of the evidence that the Schulers are, in fact, domiciled in Texas. *Rey v. LCMC Healthcare Partners*, LLC, No. CV 21-1188, 2021 WL 3674358, at *3 (E.D. La. Aug. 19, 2021).

Defendants have met this burden by submitting affidavit evidence as to their domicile, in which they identify their permanent fixed residence in Humble, Texas, and attest to their intent to remain there indefinitely. Doc. 18, att. 1. They attach copies of their Texas driver's licenses. They attest that Ann Marie is registered to vote in Texas and that Pia Nina is not registered to vote. They further attest to facts outlined above: occasional and non-permanent residence in Louisiana with Pia Nina's fiancée, and Ann Marie's independent contract work as a travel surgical technician, and her recent contract in Eunice, Louisiana, that terminated on November 26, 2025. *Id.* Combined with their statements that they intend to remain domiciled in Texas, this evidence is sufficient to establish their domicile by a preponderance of the evidence.

## III.
## Conclusion

For the reasons stated above, the undersigned concludes that defendants have borne the burden of showing that they are domiciled in Texas and that, as Texas citizens, they are of diverse citizenship from plaintiff Jones, for the purposes of 28 U.S.C. § 1332. Accordingly, the Motion to Remand [doc. 10] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 14th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**