**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **TIMOTHY WAYNE JONES JR** | **CASE NO. 2:26-CV-00081** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ANN MARIE SCHULER ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 20] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff opposes the motion. Doc. 24.

## I.
## BACKGROUND

This suit arises from a motor vehicle accident that occurred on May 8, 2025, in Lake Charles, Louisiana. Plaintiff alleges that defendant Ann Marie Schuler was operating a vehicle owned by her mother and co-defendant, Pia Nina Schuler, when she rear-ended him. Doc. 1, att. 2, ¶¶ 5–7. Plaintiff also alleges that State Farm, insurer of the defendant vehicle, failed to timely or adequately adjust the claim, leading to delays in his medical care and in the adjustment of his own claim under his UM policy. *Id.* at ¶ 17. He filed suit in state court, raising tort claims against the Schulers and State Farm and a bad faith claim against State Farm under La. R.S. § 22:1892. *Id.* at ¶¶ 19–20.

State Farm removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now moves to dismiss plaintiff's bad faith claim, arguing that

under Louisiana jurisprudence a third party's bad faith claim against an insurer does not accrue unless and until the insured is subject to an excess judgment. Doc. 20. Plaintiff opposes the motion. Doc. 24.

## II.
## Law & Application

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

At the outset, State Farm notes that plaintiff's opposition was filed untimely. State Farm did not move to strike the opposition, however, and instead addressed the issue in its reply brief. The court will proceed to the merits without inquiring about plaintiff's possible justifications for untimely filing. Plaintiff is admonished, however, that any further failure to adhere to the court's deadlines may provide grounds for striking his filings and considering State Farm's motions as unopposed.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana courts have recognized a cause of action against an insurer for bad faith failure to settle a claim within policy limits against the insured. *Mathies v. Blanchard*, 959 So.2d 986, 988 (La. Ct. App. 1st Cir. 2007). As State Farm notes, settled Louisiana jurisprudence holds that such a claim does not accrue until he has obtained an excess judgment against the insured. *See, e.g.*, *Belanger v. Geico Gen. Ins. Co.*, 623 F. App'x 684, 687–88 (5th Cir. 2015). This is because "[i]t is the entry of the judgment on the principal demand in excess of the policy limits that harms **the insured** and gives rise to the right to enforce the cause of action for damages." *Mathies*, 959 So.2d at 989 (emphasis added). Plaintiff's claim, however, is not based on the risk of excess judgment to the insured but rather on the harm that he has suffered due to State Farm's delays. Accordingly, the court considers the more appropriate inquiry to be whether plaintiff has a cause of action against State Farm rather than when it accrued.

Plaintiff is a third-party claimant under the State Farm policy covering the defendant vehicle.[1] "The relationship between the insurer and the third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that reason, a cause of action directly in favor of a third party claimant is generally not recognized absent statutory creation." *Lee v. Sapp*, 234 So.3d 122, 128 (La. Ct. App. 4th Cir. 2017) (quoting *Langsford v. Flattman*, 864 So.2d 149, 151 (La. 2004)). La. R.S. § 22:1892 "explicitly applies to third-party claims, but requires only a written offer to settle; an insurer 'has no duty to make an unconditional payment to a third party' under the statute." *Bosley v. Oliphint Enterps., LLC*, 244 So.3d 692, 699 (La. Ct. App. 2d Cir. 2017) (quoting *Mallett v. McNeal*, 939 So.2d 1254, 1263 (La. 2006)). Additionally, this obligation extends only to property damage claims and not to claims for bodily injury. *See* La. R.S. § 22:1892(A)(4) ("All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within the applicable number of days . . . ."); *see also Lee*, 234 So.3d at 133–34 (La. R.S. § 22:1892(A)(1)'s bodily injury provisions did not apply to third party's claims).

Plaintiff faults State Farm for failing to extend a settlement offer, misrepresenting policy provisions, failing to properly adjust the claim, and failing to make a *McDill* tender. Doc. 1, att. 2, ¶¶ 14–16. As a third-party claimant, his right to recover against State Farm under § 22:1892 is limited within these allegations to State Farm's failure to make a written

[1] Plaintiff also refers to State Farm's status as his UM insurer. His allegations, however, make plain that any liability arises from State Farm's role as insurer of the defendant vehicle. The court will not conflate the two for the purposes of making plaintiff a first-party claimant merely because the same company issued both policies.

settlement offer on his property damage claim.[2] *Bosley*, 244 So.3d at 700; *see* La. R.S. § 22:1892(A)(4). Plaintiff claims both bodily injury and vehicle damage as a result of the accident, but his allegations center on State Farm's failure to properly adjust and settle his bodily injury claims. *See* doc. 1, att. 2, ¶¶ 12–14. It is unclear whether State Farm failed to make a settlement offer on the property damage claim and whether plaintiff would thus have any cause of action against State Farm under La. R.S. § 22:1892. The court will therefore give plaintiff an opportunity to amend.

## III.
## CONCLUSION

For the reasons stated above, the court hereby **DENIES** the Motion to Dismiss [doc. 20]. Plaintiff is instead given **14 days** to amend and restate his allegations against State Farm. Failure to comply will result in dismissal of the claims against State Farm on the merits.

**THUS DONE AND SIGNED** in Chambers on the 21st day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] State Farm is also obligated to pay within 30 days after written agreement of settlement by a third-party claimant. La. R.S. § 22:1892(A)(2). But there is no allegation that a settlement was reached.